# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO HERNANDEZ, | Case No. CV 16-0039-JEM |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| KAMALA D. HARRIS, et al., | |
| Respondents. | |

## INTRODUCTION

On January 4, 2016, Alberto Hernandez ("Petitioner"), a federal prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). On April 18, 2016, Respondent filed a Motion to Dismiss the Petition. On June 6, 2016, Petitioner filed an Opposition. Respondent did not file a Reply. The Motion to Dismiss is now ready for decision.

For the reasons set forth below, the Motion to Dismiss should be granted.

## PROCEDURAL HISTORY

On December 5, 2002, in Los Angeles County Superior Court case number VA073089, Petitioner pled guilty to possession of a cocaine base for the purpose of sale (Cal. Health & Safety Code § 11351.5). That same day, the trial court sentenced Petitioner

to four years in state prison. Petitioner did not appeal.[1] (Respondent's Lodged Document ("LD") 1; Pet. at 2.)

On November 19, 2014, Petitioner filed a petition for a writ of coram nobis in the Los Angeles County Superior Court (LD 2), which was denied on December 29, 2014. (LD 3.)

On January 4, 2016, Petitioner filed the instant Petition.

## DISCUSSION

### I. Petitioner Was Not In Custody With Respect to Los Angeles County Superior Court Case Number VA073089 at the Time the Petition Was Filed.

Petitioner is a federal inmate who is in custody pursuant to a 2010 federal sentence and is incarcerated at the United States Penitentiary in Hazelton, West Virginia. (Pet. at 1; Pet. Memo. at 3.) According to Petitioner, his 2010 federal sentence was enhanced by his California state-court conviction in case number VA073089. (Pet. Memo. at 3.)

Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired." However, the "in custody" requirement of 28 U.S.C. § 2254(a) is satisfied where a petitioner is on parole. See Maleng, 490 U.S. at 491; Jones v. Cunningham, 371 U.S. 236, 237-38 (1963).

Petitioner is no longer serving a state sentence nor is he subject to parole. He was released from state prison on November 9, 2004, and was placed on parole. (LD 6.) However, Petitioner was discharged from parole on December 9, 2005, more than ten years

---

[1] Petitioner concedes and the California Appellate Courts website confirms that Petitioner did not file an appeal in the California Court of Appeal. (See http://appellatecases.courtinfo.ca.gov.) Although Petitioner indicates that he filed a habeas petition in the California Supreme Court in 2015 (Pet at 4-5), the state court website also confirms that Petitioner did not file any petitions for relief in the California Supreme Court.

before he filed the instant Petition on January 4, 2016.[2] (LD 6.) Thus, the Court lacks jurisdiction over this matter and the Petition must be dismissed, as Petitioner was not in state custody at the time the action was commenced. See Maleng, 490 U.S. at 491.

## II. Petitioner Cannot Collaterally Challenge His Conviction in Case Number VA073089 Even Though It May Have Been Used to Enhance His Federal Sentence.

To the extent that Petitioner seeks relief from his federal conviction on the basis that his sentence in that case was unlawfully enhanced by his conviction in case number VA073089, he is precluded from obtaining relief by the rule set forth in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001).

In Lackawanna, the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid," and that "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04. However, there is an exception to this general rule when the alleged constitutional violation in the prior criminal proceeding concerns the failure to appoint counsel in violation of the Sixth Amendment. See Lackawanna, 532 U.S. at 404. The Supreme Court also left open the possibility of two other exceptions: (1) where the defendant cannot be faulted for failing to obtain timely review of a constitutional claim (e.g., where a state court, "without justification, refuses to rule on a constitutional claim that has been properly presented to it"), and (2) where, after

---

[2] Petitioner also appears to argue that he is entitled to equitable tolling because his post-conviction counsel was ineffective in failing to file a petition for writ of coram nobis in 2010, after Petitioner allegedly discovered exculpatory evidence. However, Petitioner's argument is irrelevant, as Respondent has not moved to dismiss the Petition as untimely. Moreover, even if post-conviction counsel had filed the petition for writ of coram nobis in 2010, and Petitioner had filed the instant Petition thereafter, this Court would still lack jurisdiction over a direct attack on Petitioner's conviction in case number VA073089 because he was released from state parole in 2005.

the time for direct or collateral review has expired, the defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." See id. at 405. The Ninth Circuit has recognized the former example as an exception to the Lackawanna bar. Dubrin v. California, 720 F.3d 1095, 1098-1100 (9th Cir. 2013) (recognizing exception to Lackawanna where a state court had, "'without justification, refuse[d] to rule on a constitutional claim that has been properly presented to it'").

Here, to the extent that Petitioner is not directly challenging his conviction in case number VA073089, but rather is challenging his federal conviction on the basis that the sentence imposed in the latter case was enhanced by the conviction in the former case, the rule set forth in Lackawanna clearly precludes relief. None of the possible exceptions referred to by the Court in Lackawanna apply here, as there is no claim that Petitioner was completely denied the right to counsel in the prior case, no allegation or showing that any state court refused to rule on any claim, and only exceedingly weak evidence of actual innocence.[3] Accordingly, Lackawanna bars habeas relief to the extent that Petitioner is attempting to challenge the federal sentence as enhanced by his conviction in case number VA073089.

---

[3] Petitioner attempts to assert an actual innocence claim based on the alleged exculpatory testimony of his sister Erica Hernandez. (See Pet. Memo. at 2-5.) However, Petitioner's actual innocence claim does not render the Petition justiciable in this Court. As an initial matter, it is not entirely clear that a petitioner may use a claim of actual innocence to challenge a prior conviction that has been used to enhance a sentence. See Tuggle v. Campbell, 261 F. App'x 56, 58 (9th Cir. 2007). Moreover, Petitioner cannot establish actual innocence. As the Supreme Court has noted, claims of actual innocence are rarely successful. Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) (noting that, "in virtually every case, the allegation of actual innocence has been summarily rejected"). Lackawanna indicates that a petitioner must put forth "compelling evidence" of actual innocence that "he could not have uncovered in a timely manner." Id., 532 U.S. at 405. A valid claim of actual innocence requires a petitioner to introduce new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, proving he is factually innocent. Schlup, 513 U.S. at 324. Petitioner has failed to do so. The alleged exculpatory testimony of his sister, purportedly conveyed to Petitioner for the first time in 2010 after his federal sentencing, is suspect and is not credible or reliable. Moreover, Petitioner has failed to show that he could not have uncovered this evidence in a timely manner. Accordingly, Petitioner fails to establish actual innocence.

\* \* \*

Because Petitioner is not in state custody and is improperly collaterally attacking a prior conviction, the Petition must be dismissed with prejudice.

**ORDER**

IT IS HEREBY ORDERED that (1) Respondent's Motion to Dismiss is granted, and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: June 27, 2016              */s/ John E. McDermott*
                                                    JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE